```
              FILED
          U.S. DISTRICT COURT
        EASTERN DISTRICT OF LA

          2002 MAR 28  PM 4:00

            LORETTA G. WHYTE
                 CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CODY B. SEWELL** | * | |
| | * | **CIVIL ACTION** |
| **Plaintiff** | * | **NO. 02-0205** |
| | * | |
| v. | * | **SECTION "T"** |
| | * | |
| **CANAL BARGE COMPANY, INC.** | * | **MAGISTRATE "4"** |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Canal Barge Company, Inc. ("Canal Barge"), and respectfully submits the following answer and defenses in response to the Complaint filed by Cody B. Sewell ("Plaintiff"):

#### First Affirmative Defense

Plaintiff was exempt from the Fair Labor Standard Act's overtime provisions.

#### Second Affirmative Defense

Canal Barge denies that it is liable to Plaintiff under the Fair Labor Standards Act. In the alternative, Canal Barge acted in good faith at all times, and thus, it is not liable for liquidated

N0801986.1



damages. Further, Canal Barge denies that it committed any wilful violations of the Fair Labor Standards Act.

### Third Affirmative Defense

Some or all of the claims asserted in the Complaint are time-barred by the applicable statutes of limitations.

### Fourth Affirmative Defense

Canal Barge denies that it was liable to Plaintiff. In the alternative, Plaintiff has failed to mitigate his damages as required by law.

### Fifth Affirmative Defense

The damages claimed by Plaintiff, the existence of which is expressly denied, are barred to the extent that they are speculative in nature.

### Sixth Affirmative Defense

The Complaint fails to state a claim for which compensatory, consequential, or liquidated damages may be granted.

### Seventh Affirmative Defense

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for recovery of attorney's fees.

### Eighth Affirmative Defense

Should Plaintiff show that he is entitled to compensation under the Fair Labor Standards Act, then Canal Barge is entitled to offset gratuitous pay provided to him for noncompensable activities.

### Ninth Affirmative Defense

Canal Barge reserves the right to amend this Answer to assert any additional affirmative defenses, including in particular, those affirmative defenses set forth in Fed. R. Civ. P. 8(c), as, when, and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

### Tenth Affirmative Defense

**AND NOW** furthering answering, Canal Barge responds in particular to the individually numbered paragraphs of the Complaint as follows:

1.

Canal Barge is not called upon to admit or deny the jurisdictional allegations of Paragraph 1 of the Complaint but specifically denies that any violation of the Fair Labor Standards Act occurred.

2.

The allegations contained in Paragraph 2 of the Complaint are admitted upon information and belief.

3.

Canal Barge admits the allegations contained in Paragraph 3 of the Complaint.

4.

Canal Barge is not called upon to admit or deny the jurisdictional allegations or venue allegations contained in Paragraph 4 of the Complaint.

5.

Canal Barge admits that between July of 1999 and September of 2000, Plaintiff was employed as a shore tankerman, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.

Canal Barge admits the allegations contained in Paragraph 6 of the Complaint and avers that Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act.

7.

Canal Barge admits the allegations contained in Paragraph 7 of the Complaint and avers that Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act.

8.

Canal Barge denies the allegations contained in Paragraph 8 of the Complaint.

9.

Canal Barge admits that Plaintiff was "on call" for some of his time, and that Plaintiff was required to carry a cell phone and pager (which the company provided him), but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

Canal Barge denies the allegations contained in Paragraph 10 of the Complaint.

11.

Canal Barge denies the allegations contained in Paragraph 11 of the Complaint.

FURTHER, Canal Barge is not called upon to confirm or deny the prayer contained in Plaintiff's Complaint but affirmatively states that there are no grounds in fact or law that warrant the granting of Plaintiff's prayer for relief and that the prayer is neither appropriate nor justified.

**WHEREFORE**, Canal Barge respectfully requests that, after all due proceedings, Plaintiff's claims be dismissed with prejudice, at his expense.

Respectfully submitted,

_____
CORNELIUS R. HEUSEL, T.A
Louisiana Bar No. 06849
LAURIE M. CHESS
Louisiana Bar No. 24997
JONES, WALKER, WAECHTER,
POITEVENT, CARRÉRE & DENÉGRE LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile:  (504) 582-8015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by federal express, properly addressed, this 28th day of March, 2002.

_____